driving sheeting." This sheeting was to be used in a jetty to extend into the ocean for the protection of the municipal baths on the water front at Coney Island. In work of this character, sheeting is a form of piling. Volpe v. Cederstrand, 126 Minn. 355, 148 N. W. 119. The Century Dictionary defines "sheeting" as follows:

"In hydraulic engineering, a lining of timber to a caisson or cofferdam formed of sheet piles or piles with flanking between. Also any form of piling used to protect river banks."

The "driving" of "sheeting" was, indubitably, under the evidence and the authorities, the driving of "sheet piling," and brought Mazzarisi's employment within group 11 of the enumerated employments, to wit, "pile driving." The fact that the deceased may, at the moment he met with injury, have been engaged in performing a physical act more approximately incident to the making of this sheeting than to the driving of it down into the sand, could not, had the same been found by the Commission, or were the same required by the evidence, require reversal of the award.

[2] The immediate cause of death was septicæmia, which actually, naturally, and apparently unavoidably, ensued from the injuries to the abdomen and bladder occasioned by the decedent's fall. Workmen's Compensation Law, § 3, subd. 7. The Commission's inquiry on this point was thorough and skillful; this court has no reason to challenge its conclusion. Doubtless there was a diseased condition before the injury; it may be that the injury would not have caused his death but for these antecedent conditions; the injury may have been but one of concurring causes, set in motion by the injury. None of these facts, if found or clear from the evidence, would warrant vacating of the present award.

The award should be affirmed. All concur.

———————————

PEOPLE ex rel. CONEY ISLAND JOCKEY CLUB v. PURDY et al.,
Commissioners of Taxes and Assessments.

(Supreme Court, Appellate Division, Second Department. January 7, 1916.)

TAXATION ☞493—RETURN OF ASSESSMENT—CONCLUSIVENESS.
　　Where an assessment upon realty for one year was declared excessive by the Court of Appeals, and the next year the land was assessed for substantially the same amount, the return, not showing that upon grievance day the owner offered the same testimony as to value as in the previous year, and the commissioners of taxes not conceding it, did not conclude the court as to overvaluation, on certiorari to review the second assessment.

　　[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 876–883; Dec. Dig. ☞493.]

Appeal from Special Term, Kings County.

Certiorari by the People, on the relation of the Coney Island Jockey Club, against Lawson Purdy and others, Commissioners of Taxes and

Assessments of the City of New York, to review the tax assessment for 1913 of various parcels of land. One assessment reduced.

The opinion of Mr. Justice Kelby at Special Term is as follows:

Certiorari to review the tax assessment for 1913 of various parcels in the old town of Gravesend, upon the grievance of overvaluation. As in the proceeding to review the assessment for the year 1912, the question narrowed to the 335 acres formerly used as a race track, and described as block 7405, lot No. 1. It has been finally settled, since the return was made, that the assessment, in substantially similar amount, for the preceding year, was excessive. People ex rel. Coney Island Jockey Club v. Purdy, 213 N. Y. 652, 107 N. E. 1084. The respondents do not concede, and the return does not show, that upon grievance day the relator offered the same testimony as in the previous year, and it is asserted that the return concludes the court. Such is not the law. The quotation given from the opinion in People ex rel. Manhattan Ry. Co. v. Barker, 152 N. Y. 417, at 438, 46 N. E. 875, had reference, not to any finality inherent in the return, but to the finality imparted to the return by reason of facts affirmed unanimously by the Appellate Division. This is too clear to have been mistaken. The testimony of Mr. Reed that he offered the same proof is uncontradicted.

It is not contended by the relator, as respondents seem to think, that assessors are inflexibly bound to make the same assessment as they made, or should have made, in a preceding year. The force, upon the assessors' subsequent action, of an adjudication as to values, depends upon the question of an increase of value meantime. If none, then the adjudication is binding and conclusive. Whether if, upon certiorari, it is incumbent upon the assessors to show that there has been a change, and whether they do not fully meet that burden by invoking the presumption of official correctness, are not actually in this case material subjects of inquiry. On the whole case it is established to my satisfaction that the value on October 1, 1912, was the same as on October 1, 1911. In both years the property was an idle and profitless race track, and it was admitted by the city's expert witness that there had been practically no change in the surrounding physical circumstances and conditions.

The negotiations begun by option in May, 1914, and resting in contract in March, 1915, do not, to my mind, throw much light backward, upon the values of October 1, 1912. If consummated, the property is to be taken over by a "speedway" company, with payment, up to 90 per cent., to be made by a purchase-money mortgage. This indicates a speculative, even an adventurous, sale. I find, upon the whole case, that in respect to the large parcel referred to the assessment should be reduced to $1,592,170, with costs to the relator.

Argued before JENKS, P. J., and THOMAS, CARR, MILLS, and RICH, JJ.

William H. King, of New York City (Eugene Fay, of New York City, on the brief), for appellants.

John M. Bowers, of New York City (Latham G. Reed, of New York City, on the brief), for respondent.

PER CURIAM. Order, in so far as appealed from, affirmed, with $10 costs and disbursements, on the opinion of Mr. Justice Kelby at Special Term.